UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY JOSEPH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-0759** |
| **LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL.** | **SECTION: "S" (4)** |

## ORDER

Before the Court is a **Motion for Leave to File First Supplemental and Amending Petition (R. Doc. 9)** filed by the Plaintiffs, Jerry Joseph and Merline Joseph. The Plaintiffs seek leave of court to file their First Amended and Supplemental Petition to (1) specify their ranking as beneficiaries of the deceased; (2) remove the Defendant Tangipahoa Parish Sheriff's Office; (3) add a new Defendant, Tangipahoa Parish Government; and (4) add new causes of action under La. R.S. §§ 15:702, 15:703, 15:704, and 15:705. The Plaintiffs indicate in their LR 7.6 Certificate that the Defendants do not consent to the proposed amended complaint, however, the Defendants did not file a formal opposition to the motion.

### I. Background

This action arises out of the death of Keith Joseph while he was in the custody of Tangipahoa Parish Prison. Plaintiffs allege that the decedent suffered from various health conditions, including blood clots surrounding his lungs and a severe heart condition that causes intolerable chest pains when left untreated. *See* R. Doc. 1, at 5. Plaintiffs allege that on March 3, 2014, the decedent complained of severe chest pains to Defendant, Officer Brock. Plaintiffs also allege that over the period of one week the decedent continuously asked for his medication, which was in the control of the prison. *Id.*

Plaintiffs allege that on March 11, 2014, after a week of complaining of severe chest pains, he was seen by the on-duty nurse who took his vital signs and returned him to his cell. *Id.* Plaintiffs allege that shortly after being returned to his cell the decedent collapsed after pleading for medical treatment. *Id.* at 6. Plaintiffs allege that the decedent was not administered Cardiopulmonary Resuscitation until thirty minutes after he collapsed. *Id.* The decedent passed away that same day, on March 11, 2014. *Id.*

The Plaintiffs, decedent's parents, initiated this suit on March 9, 2015 against the Louisiana Department of Corrections, Officer Brock, Columbia Casualty Company, Sheriff Daniel Edwards, Schirra Finn, Brandon Pinon, Tangipahoa Parish Sheriff's Office, and Alison Thornhill. The Plaintiffs seek compensatory and nominal damages, as well as declaratory judgment under 42 U.S.C. §1983, Section 504 of the Rehabilitation Act, 29 U.S.C. §794, and state law tort claims under La. Rev. Stat. §§ 2315, 2315.1, and 2315.2.

On April 14, 2015, a Motion to Dismiss (R. Doc. 7) was filed on behalf of seven of the eight Defendants arguing that (1) the Plaintiffs did not establish standing; (2) the Sheriff's Office is not a proper party and not the proper agent of prison medical services; (3) Defendants Pinon and Finn should be dismissed; and (4) the Plaintiffs failed to state a claim under the Fourth Amendment, Equal Protection Clause, and the Rehabilitation Act. Seven days later, on April 21, 2015, the Plaintiffs filed the subject motion for leave to file an amended complaint to address some of the issues presented in the motion to dismiss.

II.     **Standard of Review**

Federal Rule of Civil Procedure 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under 12(b)." However, "a district court may deny motions to amend, even when such amendment would be 'as a matter of course,' when the amendment would be futile." *United States v. Gonzalez*, 592 F.3d 675, 681

(5th Cir. 2009) (citing *Johnson v. Dunbar*, No. 92-09536, 1994 WL 35605 at *4 (5th Cir. Jan. 27, 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991)). A court may deny a motion for leave to amend where "the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (emphasis added).

### III.     Analysis

The Plaintiffs filed the subject motion seven days after the Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). Accordingly, Plaintiffs' motion is within the 21 day period to file an amended complaint as a matter of course. Nonetheless, the amendment would not be allowed if it is futile. Having duly considered the Plaintiffs' proposed amendments, the Court finds that the amendment is futile as to the Plaintiffs' addition of the Tangipahoa Parish Government as a new defendant and addition of La. R.S. §§ 15:702, 15:703, 15:704, and 15:705.

#### A.     Addition of Tangipahoa Parish Government as a Defendant is Futile

The Plaintiffs seek to add Tangipahoa Parish Government as a new defendant to this action. Vicarious liability is not a basis for municipality liability under § 1983, rather the Plaintiffs must allege a claim pursuant to *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690–91 (1978).[1] To allege a *Monell* claim holding the Tangipahoa Parish Government liable under § 1983,

> [A] plaintiff must initially allege that an official policy or custom was a cause in fact for the deprivation of the rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of the official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

---

[1] In *Monell*, the Supreme Court held that a municipality cannot be held liable for violation of civil rights solely because an employee is a tortfeasor.

*Spiller v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir. 1997) (internal quotation marks and citations omitted).

In applying the above standard, the Court finds that the Plaintiffs have not alleged any factual allegations of an official policy or custom that was the moving force behind the omission of medical care that caused the decedents death.

Furthermore, in Louisiana "the parish is responsible for financing and maintaining the jail, La. Rev. Stat. Ann. §§ 15:304, 15:702, and 33:4715, while the sheriff is responsible for the day-to-day operation of the jail, La. Rev. Stat. Ann. §§ 15:704 and 33:1435." *Williamson v. Louisiana*, No. CIV. A. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008) (citing Fairley v. Stalder, No. 07-30589, 2008 WL 3244022, at *4 (5th Cir. Aug. 6, 2008)). The Fifth Circuit has held that "Sheriffs in Louisiana are final policy makers with respect to management of the jail . . . [and that the] Sheriff's policy-making authority over management of the jail is not the result of a delegation from the Parish or any other local governmental entity." J*ones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998). Pursuant to Louisiana's statutory scheme, the Tangipahoa Parish Government is not a proper defendant because it is not a policy making authority for the management of the prison. Therefore, the addition of the Tangipahoa Parish Government to this action would be futile.

   B.   <u>Addition of La. R.S. §§ 15:702, 15:703, 15:704, and 15:705 is Futile</u>

In the Plaintiffs' proposed amended complaint, they allege that "all Defendants . . . failed to comply with R.S. 15:702, R.S. 15:703, R.S. 15:704, and R.S. 15:705 and . . . failed to provide adequate provisions, maintenance, care, oversight, adequate supervision of jail personnel in communicating and providing and/or assisting in rendering medical aid . . .." However, the Plaintiffs only make conclusory allegations in reference to the four statutes and do not allege

factual allegations enough to raise a right to relief above the speculative level. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quotation marks omitted).

> La. Rev. Stat. § 15:702 provides:
>
> The governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons. In those parishes in which the governing authority operates the parish jail the governing authority shall pass all bylaws and regulations they may deem expedient for the police and good government of the jails and prisons being operated by the parish governing authority.
>
> La. Rev. Stat. § 15:703 provides, in pertinent part:
>
> The governing authority of each parish shall appoint annually a physician who shall attend the prisoners who are confined in parish jails whenever they are sick. . . . . The parish and its governing authority shall not be liable for any action arising as a result of the actions or inactions of the physician or health care provider . . . by a prisoner or his representative to recover damages or any other losses, including those for the death of the prisoner, unless the governing authority exercises gross negligence or willful misconduct in the performance of its duties and obligations imposed by this Section.
>
> La. Rev. Stat. § 15:704 provides:
>
> Each sheriff shall be the keeper of the public jail of his parish, and shall by all lawful means preserve the peace and apprehend all disturbers thereof, and other public offenders.
>
> La. Rev. Stat. §15:705 provides, in pertinent part:
>
> (A) The sheriffs or jailkeepers shall supply each prisoner daily with wholesome food sufficient in quantity for the proper maintenance of life. . . .
>
> (B) The jailer shall be allowed twelve and one half cents per day for each and every prisoner who is sick in order that the sick prisoners may be taken care of as their situation may require. . . .
>
> (C) [T]he governing authority of each parish is hereby authorized to obtain reimbursement from an inmate for his medical and dental expenses. . . .
>
> (D) The chief law enforcement officer of the law enforcement district may obtain restitution from any inmate incarcerated in a parish facility. . . .

> (E) [A] parish governing authority shall not be liable to pay to a health care provider for health care services provided to a prisoner in an amount greater than the lesser of the actual amount billed by the health care provider. . . .

The statutes invoked by the Plaintiffs establish the statutory scheme delegating specific duties for the maintenance and functioning of parish prisons in Louisiana. While the Plaintiffs allege that the Defendants failed to adhere to these statutes, the Plaintiffs original complaint and proposed amended complaint do not provide factual allegations pertaining to the Defendants' alleged failure comply with the statutes.

La. Rev. Stat. § 15:702 delegates the physical maintenance of the parish prisons to the parish government, but as noted above, the Plaintiffs fail to state a cognizable *Monell* claim against Tangipahoa Parish Government to hold them liable for a failure to maintain the physical structure and interior of the prison. Additionally, even if Tangipahoa Parish Government was a proper defendant, the Plaintiffs do not state any factual allegations in regards to the physical maintenance of the Tangipahoa Parish Prison or that it may have contributed to the decedent's death. Therefore, the Plaintiffs' allegation pursuant to § 15:702 is futile.

La. Rev. Stat. § 15:703 delegates to the parish government the responsibility of appointing a physician to the parish prison. Similar to § 15:702, this statute is not applicable because Tangipahoa Parish Government is not a proper defendant. Nonetheless, the Plaintiffs do not allege that the prison did not have an appointed physician or allege any other information to adduce that the prison was not in compliance with § 15:703. Therefore, the Plaintiffs' allegation pursuant to § 15:703 is futile.

La. Rev. Stat. §15:704 establishes that the Sheriff of the parish is the keeper of the parish prison and is responsible for the management of the prison. Here, the Plaintiffs have named Tangipahoa Parish Sheriff Daniel Edwards as a defendant, presumably for his alleged liability as

"the keeper of the public jail." However, § 15:704 has no additional effect beyond establishing the Sheriff as the "proper defendant for a *Monell* claim concerning alleged rights violations in a parish jail." *Williamson*, 2008 WL 5082911, at *3. Therefore, the Plaintiffs' allegation pursuant to § 15:704 is futile.

La. Rev. Stat. §15:705 sets forth the food and clothing provisions for prisoners, payment of incarceration expenses, payment of medical expenses, and imposition of restitution on offenders. On the statute's face, it is not applicable to this claim. Similar to the other statutes, it establishes the statutory scheme for the operation of the prison and specifically states the requirement of providing certain necessities to inmates and the reimbursement of medical care and expenses by inmates. The Plaintiffs do not allege that the decedent was not given food or clothing, or state any other allegations to give rise to a claim in relation to §15:705. Therefore, the Plaintiffs' allegation pursuant to § 15:705 is futile.

    C.    **<u>Addition of Beneficiary Status is Not Futile</u>**

Plaintiffs allege that they seek to clarify their beneficiary status to specifically allege that as the parents of the decedent they are the "only known and surviving heirs . . . and as such, outrank any other persons." *See* R. Doc. 9, at 1. Plaintiffs additionally allege in the proposed amended complaint that they are not specifically aware of any spouse or child of the decedent. *See* R. Doc. 9-2, at 1-2.

Under Louisiana Civil Code Articles 2315.1 and 2315.2, a survival action or wrongful death action may be brought in favor of "[t]he surviving father and mother of the deceased, or either of them if he left no spouse or child surviving." Furthermore, Louisiana's jurisprudence requires that "a plaintiff in a death case must affirmatively allege in his petition that he belongs

to one of the listed classes of beneficiaries under Article 2315." *Dwyer v. Ligon Specialized Haulers*, 542 F. Supp. 638, 641 (M.D. La. 1982).

In the Defendants' pending Motion to Dismiss (R. Doc. 7), the Defendants contend that the Plaintiffs did not affirmatively allege standing. The Plaintiffs now seek to cure this deficiency by amending their complaint to affirmatively allege that the decedent does not have a surviving spouse or child. Under these circumstances the Court notes that "[d]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). As such, the Plaintiffs' addition of their beneficiary status is not futile.

### D.  Removal of Tangipahoa Parish Sheriff's Office as a Defendant is Not Futile

The Plaintiffs also seek to voluntarily remove the Tangipahoa Parish Sheriff's Office as a Defendant in this matter because it is not a juridical entity capable of being sued. *See* R. Doc. 9, at 1. As such, Tangipahoa Parish Sheriff's Office is at the Plaintiffs' request dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

## IV.  Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Plaintiffs' **Motion for Leave to File First Supplemental and Amending Petition (R. Doc. 9)** is **GRANTED in part and DENIED in part.** It is **GRANTED** as to (1) dismissing Tangipahoa Parish Sheriff's Office as a party and (2) adding the Plaintiffs beneficiary status in reference to the decedent. It is **DENIED** as to (1) adding Tangipahoa Parish

Government as a defendant, and (2) adding claims under La. R.S. §§ 15:702, 15:703, 15:704, and 15:705.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 41(a)(2) Tangipahoa Parish Sheriff's Office is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiffs file an amended complaint pursuant to the rulings of this Order by **May 27, 2015.**

New Orleans, Louisiana, this 22nd day of May 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**