UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY JOSEPH AND MERLINE JOSEPH** | **CIVIL ACTION** |
| **VERSUS** | **NO:  15-0759** |
| **LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL** | **SECTION: "S" (4)** |

## ORDER

Before the Court is a **Motion for Leave to File Second Supplemental and Amending Petition (R. Doc. 19)** filed by the Plaintiffs, Jerry Joseph and Merline Joseph. The Plaintiff's seek leave of court to file their Second Amended and Supplemental Petition to add Landmark American Insurance Company as a Defendant. R. Doc. 10, p. 1. The motion is unopposed. The motion was submitted on September 9, 2015, and heard without oral argument that day.

### I.     Background

This action arises out of the death of Keith Joseph while he was in the custody of Tangipahoa Parish Prison. *See* R. Doc. 1, at 5. Plaintiffs, decedent's parents, allege that on March 3, 2014, the decedent initially complained of severe chest pains to Defendant Officer Brocks. Plaintiffs allege that on March 11, 2014, after a week of complaining of severe chest pains, he was seen by the on-duty nurse, who took his vital signs and returned him to his cell. *Id.* Once he returned to his cell, Plaintiffs contends that he continued to express his pain to Officer Brock who responded by stating "Aint nothing wrong with you, sit your motherfu***** as* down. *Id.* at 6.

Plaintiffs allege that shortly after this exchange, the decedent collapsed. *Id.* at 6. Plaintiffs allege that the decedent was not administered cardiopulmonary resuscitation until thirty minutes after he collapsed. *Id.* The decedent passed away that same day, March 11, 2014. *Id.*

The Plaintiffs initiated this suit on March 9, 2015, against the Louisiana Department of Corrections, Officer Brock, Columbia Casualty Company, Sheriff Daniel Edwards, Schirra Finn, Brandon Pinon, Tangipahoa Parish Sheriff's Office, and Alison Thornhill.

Plaintiffs filed this action alleging that the Defendants violated the decedent's rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States and subjected Keith to discrimination in violation of the Rehabilitation Act. Plaintiffs also allege Louisiana state-law claims of negligence and wrongful death. The Plaintiffs seek compensatory and nominal damages, as well as declaratory judgment under 42 U.S.C. §1983, Section 504 of the Rehabilitation Act, 29 U.S.C. §794, and state law tort claims under Civil Code Articles 2315, 2315.1, and 2315.2. R. Doc. 1, p. 7.

On April 14, 2015, a Motion to Dismiss was filed on behalf of seven of the eight Defendants arguing that (1) the Plaintiffs did not establish standing; (2) the Sheriff's Office is not a proper party and not the proper agent of prison medical services; (3) Defendants Pinon and Finn should be dismissed; and (4) the Plaintiffs failed to state a claim under the Fourth Amendment, Equal Protection Clause, and the Rehabilitation Act. *See* R. Doc. 7.

On August 13, 2015, the District Court granted the motion and dismissed Plaintiffs' claims against Prison Medical Services, Lt. Brandon Pinon, and Lt. Shirra Finn in their individual and official capacities. The District Court also dismissed claims against all Defendants under the Fourth Amendment to the Constitution of the United States, all defendants under the Equal Protection Clause of the Fourteenth Amendment, and all defendants arising under the Rehabilitation Act. The District Court also dismissed Plaintiffs' claims against the State of Louisiana because of a lack of subject matter jurisdiction. *See* R. Doc. 7.

In the instant motion, Plaintiffs seek to add Landmark American Insurance Company ("Landmark") as a Defendant. R. Doc 19, p. 1. Plaintiffs allege that Landmark is an insurer of the

Defendants' and provides applicable coverage for the instant causes of action and damages. R. Doc. 19, p. 1.

## II. Standard of Review

Federal Rules of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." Rule 15(a)(2). This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48 (1957). Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne,* 133 F.3d 315, 318 (5th Cir.1998). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id.*

Leave to amend is by no means automatic, but is within the sound discretion of the trial court. *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir.1981). In exercising its discretion, the trial court must determine that there is a "substantial reason" for the delay. *Mayeaux v. Louisiana Health Service and Indemnity Co.,* 376 F.3d 420, 425 (5th Cir.2004). The Court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir.1981).

## III. Analysis

In determining whether or not granting leave to amend is proper, the Court analyzes the *Gregory v. Mitchell* factors. The factors are: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed;

3

(3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Id.*

### A. Undue Delay, Bad Faith, Dilatory Motive of Movant

The first factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the amendment will cause an undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion.

The Fifth Circuit has indicated that "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley,* 698 F.2d 562, 584 (5th Cir.1982) (finding that delay of four months between time pro se attorneys were assigned to case and time second amended complaint was filed did not warrant denial of motion to amend).

On the other hand, the bare fact that an amendment is filed within the confines of the Court's Scheduling Order does not alone make a claim timely. *See Mayeaux,* 376 F.3d at 427. Instead, the Court must look to the "procedural posture" of the case to determine whether the delay actually prejudices the non-movant. *See id.* at 426–27 ("The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court.") (emphasis in original). The Fifth Circuit has held that when leave to amend would cause severe prejudice to defendants, it should be denied. *Mayeaux,* at 427; *Smith v. RMC Corp.,* 393 F.3d at 595–97 (5th. Cir. 2004).

At the time of Plaintiffs' filing of the instant motion, no scheduling order has been issued in this matter, therefore no deadlines have been set. Thus, Plaintiff's motion is timely filed. Because no deadlines are set, there is no undue delay or bad faith on Plaintiffs' part in filing they

4

amended complaint. Defendants' also have failed to oppose the motion and provide reasons why permitting Plaintiff's filing would cause an undue delay or that she has a dilatory motive or strategy behind her filing. Therefore, the Court finds that this factor weighs in favor of permitting leave to amend.

### B. Repeated Failure to Cure Deficiencies by Amendments Previously Allowed

The second factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the party has previously filed repeated amendments before filing the instant motion.

Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a 15(a) motion is proper. *See, e.g.*, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607–08 (5th Cir.1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint).

This is Plaintiffs' second motion for leave to amend its complaint; however, this is the first that relates to adding Landmark as a Defendant. Thus, there has not be been a "repeated" failure of the Plaintiffs to amend or "cure" alleged defects in its pleading; therefore, this factor weighs heavily in favor of granting the proposed amendments.

### C. Undue Prejudice to the Opposing Party by Virtue of Allowance of the Amendment

The third factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the amendment will cause an undue prejudice to the opposing party.

The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *Hebert v. Specialized Environmental Resources, LLC,* 2013 WL 1288219, at *4 (E.D.La. Mar. 23, 2013); *In re American International*

*Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir.2012)(noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid); *Mayeaux*, 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruc[ed] the case anew.").

Here, Plaintiffs' amended complaint alleges the same claims as their initial complaint, but seeks to add Landmark as a Defendant based on their reasonable belief that Landmark provides applicable coverage for their causes of action and damages. Plaintiff argues that Landmark is liable in solido with its insureds, which have been identified in the original Complaint.[1] As such, the Court finds that permitting Plaintiffs amended complaint will not be unduly prejudicial to the opposing party. Therefore, the Court finds that this factor weighs in favor of granting leave to amend the complaint.

### D. Futility of the Amendment

The fourth factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the amendment, and or potential new claims are futile. Here, Plaintiffs' allegations in both complaints are virtually identical, and seek to add the insurance company, who is alleged to have provided recovery for the risk. The Louisiana Direct Action Statute, La. R.S. 22:1269, expressly provides for the filing as a direct action against the insurers, as done here. LA. REV. STAT. § 22:1269. Thus, the Court authorizes the filing of a direct action and finds that the filing of Plaintiff's amended complaint is not futile.

---

[1] As noted above, based on the District Court's order, Tangipahoa Parish Sheriff's Office, Brandon Pinon, and Schirra Finn, and State of Louisiana are no longer parties to this action. *See* R. Doc. 17.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion for Leave to File Second Supplemental and Amending Petition (R. Doc. 19)** is **GRANTED**.

New Orleans, Louisiana, this <u>2nd</u> day of October 2015.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**