UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY JOSEPH, ET AL | CIVIL ACTION |
| VERSUS | NO: 15-759 |
| LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL | SECTION: "S" (4) |

## ORDER

Before the Court is a **Motion to Compel (R. Doc. 44)** filed by Defendant Alison Thornhill, N.P., seeking an order from the Court compelling Plaintiffs Jerry Joseph and Merline Joseph ("Plaintiffs") to answer the Request for Production of Documents and Interrogatories propounded on November 21, 2016. Thornhill also seeks to have the Plaintiffs provide their Initial Disclosures. The motion was not opposed. The motion was submitted on May 17, 2017. For the following reasons, the Motion to Compel is **GRANTED.**

Also before the Court is a **Motion for Extension to File Response to Discovery (R. Doc. 45)** filed by the Plaintiffs seeking an extension of time to file responses to the discovery requests. This motion was also submitted on May 17, 2017. For the following reasons, the Motion is **DENIED.**

### I.   Background

This action was filed in the District Court on March 9, 2015. R. Doc. 1. The Plaintiffs allege that the Plaintiff's son Keith Joseph ("Deceased") was booked as an inmate at the Tangipahoa Parish Prison in Tangipahoa, Louisiana on or about February 19, 2014. *Id.* at p. 4. The Plaintiffs further state that the Deceased suffered from various health conditions, including blood clots surrounding his lungs and a severe heart condition which left untreated caused him to suffer intolerable chest pain. *Id.* at p. 5. The Plaintiffs allege that throughout the Deceased's time at the

Tangipahoa Parish Prison the Defendants in this action were informed of his medical condition and that the Tangipahoa Parish Prison was in control of the Deceased's medication. On March 3, 2014, the Deceased's physical condition deteriorated to the point that he was having intolerable chest pain and began requesting his medication from Defendant Officer Brock. *Id.* On March 11, 2014, the Deceased was brought to the on-duty Nurse for evaluation, but was returned to his cell despite his complaints. After returning to his cell, the Deceased allegedly continued to complaint to Office Brock until he collapsed in front of Officer Brock and a number of other inmates. *Id.* at p. 6. Following his collapse, the Deceased was not administered Cardiopulmonary Resuscitation until a period of at least thirty minutes. *Id.* The Deceased died allegedly as a result of this neglect. As such, the Plaintiffs have filed this action against the Louisiana Department of Corrections and a number of other individuals associated with the prison seeking damages for mental pain, anguish, and distress, burial expenses, loss of love and affection, and all other damages. *Id.* at p. 8.

At this time, Defendant Alison Thornhill—a jail nurse who allegedly involved in the treatment of the Deceased—has filed a motion to compel seeking to have the Plaintiffs answer the Requests for Production of Documents and Interrogatories submitted to them as well as provide their initial disclosures. R. Doc. 44. Thornhill propounded the discovery requests on November 21, 2016 and, on January 16, 2017 after a conference with the Plaintiffs, allowed for an extension to respond until February 2, 2017. R. Doc. 44-1, p. 1-2. Additionally, the Court's Scheduling Order required the production of initial disclosures on October 28, 2016. R. Doc. 36. The Plaintiffs have not furnished the initial disclosures to Thornhill, and the same was discussed at the January 16, 2017 conference. R. Doc. 44-1, p. 1-2. As such, Thornhill filed the instant motion to compel production of that discovery as well as for attorney's fees associated with the motion. R. Doc. 44.

Rather than filing an opposition to Thornhill's motion, the Plaintiffs have filed a separate motion for extension of time to file responses to discovery "in light of the motion to compel filed by the Defendant." R. Doc. 45. The Plaintiffs state that they need additional time to respond to the discovery requests because Plaintiff Jerry Joseph is located in Detroit, Michigan and has difficulties participating on a consistent basis and because Plaintiff Merline Joseph is currently working with witnesses to prepare responses. *Id.*

## II. Standard of Review

### A. Motion to Compel

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant

has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

Note, if the motion is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court will not order payment if the opposing party's nondisclosure was "substantially justified" or circumstances make the award unjust. *Id*.

### B. Motion for Extension of Time

Federal Rule of Civil Procedure 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)). Moreover, "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enterprises, L.L.C*, 315 F.3d at 535 (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)); *see also Jackson v. Wilson Welding Servs., Inc.*, No. 10-2843, 2012 WL 14265 (E.D. La. Jan. 4, 2012).

### III. Analysis

#### A. Motion to Compel

For the instant motions to compel, the Thornhill argues that the Plaintiffs have failed to properly respond to their interrogatories and requests for production of documents. Thornhill has provided the proper certification for the motion to compel under Rule 37(a). R. Doc. 44-1, p.1-2. Additionally, the Plaintiffs have not provided their initial disclosures are required under Rule

26(a)(1). *See* Fed. R. Civ. P. 26(a)(1)(C) (requiring initial disclosure to be made at the time set by the Court). At this time, the Plaintiffs have not yet responded to the discovery requests or provided their initial disclosures and have not opposed the instant motion to compel. While the Plaintiffs have sought an extension of time to respond, that extension is not granted, as discussed below. As such, Thornhill has properly filed a motion to compel under Federal Rule of Civil Procedure 37(a)(3)(b)(iv). Therefore, the Court grants the Thornhill's motion to compel.

Moreover, because the motion to compel will be been granted, the Court may impose reasonable expenses in making the instant motion to compel on the Defendant as the Plaintiff has requested. Fed. R. Civ. P. 37(a)(5)(A). Because the Plaintiffs have failed to oppose the instant motion and the Court finds the explanation for their failure to respond to be unavailing, the Court sees no evidence of substantial justification for failing to respond to the discovery reqeuests nor is there any evidence of circumstances that would make the imposition of costs unjust. As such, the Court will award reasonable expenses in making the instant motion to compel to the Thornhill.

  **B.**  <u>**Motion for Extension of time**</u>

The Plaintiffs seek an extension of time to respond to discovery. R. Doc. 44. In particular, the Plaintiffs argue that they need additional time to respond to the discovery requests because Plaintiff Jerry Joseph is located in Detroit, Michigan and has difficulties participating on a consistent basis and because Plaintiff Merline Joseph is currently working with witnesses to prepare responses. *Id.* at p. 1. However, under Rule 16(b), an extension of the deadlines requires a showing of good cause, which in turn requires a showing that the deadlines could not have been met despite the diligence of the parties. *S & W Enterprises, L.L.C*, 315 F.3d at 535. From the Plaintiffs' threadbare explanation, the Court is unable to find that good cause exists for an

extension to respond when the Plaintiffs have already had at least six months to respond to the discovery and provide its initial disclosures.

## IV. Conclusion

**IT IS ORDERED** that the Defendants' **Motion to Compel (R. Doc. 44) is GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiffs' are to respond to the Defendant's discovery request no later than **May 26, 2017**.

**IT IS FURTHER ORDERED** that Alison Thornhill is awarded attorneys' fees and costs in connection with the Motion to Compel (R. Doc. 44).

**IT IS FURTHER ORDERED** that Alison Thornhill shall file a motion to fix attorney fees into the record by **May 30, 2017,** along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **June 6, 2017**. The motion shall be set for hearing on **June 14, 2017**, to be heard without oral argument.

**IT IS FURTHER ORDERED** that the Plaintiffs' **Motion for Extension to File Response to Discovery (R. Doc. 45)** is **DENIED.**

New Orleans, Louisiana, this <u>17th</u> day of May 2017.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**