UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY JOSEPH, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:   15-759** |
| **LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL** | **SECTION: "S" (4)** |

ORDER AND REASONS

Before the Court is a **Motion to Compel the Deposition of Jerry Joseph and Initial Disclosures (R. Doc. 47)** filed by Defendants Sheriff Daniel Edwards, Officer Brock, and Alison Thornhill, N.P., (collectively "Defendants") seeking an order from the Court ordering the deposition of the Plaintiff Jerry Joseph and to provide the initial disclosures as required under this Court's previous order (R. Doc. 46). The motion is not opposed. The motion was submitted on June 21, 2017 and heard with argument that same day.

I.     Background

This action was filed in the District Court on March 9, 2015. R. Doc. 1. The Plaintiffs allege that the Plaintiff's son Keith Joseph ("Deceased") was booked as an inmate at the Tangipahoa Parish Prison in Tangipahoa, Louisiana on or about February 19, 2014. *Id.* at p. 4. The Plaintiffs further state that the Deceased suffered from various health conditions, including blood clots surrounding his lungs and a severe heart condition which left untreated caused him to suffer intolerable chest pain. *Id.* at p. 5. The Plaintiffs allege that throughout the Deceased's time at the Tangipahoa Parish Prison the Defendants in this action were informed of his medical condition and that the Tangipahoa Parish Prison was in control of the Deceased's medication. On March 3, 2014, the Deceased's physical condition deteriorated to the point that he was having intolerable chest pain and began requesting his medication from Defendant Officer Brock. *Id.* On March 11, 2014, the Deceased was brought to the on-duty Nurse for evaluation, but was returned to his cell

despite his complaints. After returning to his cell, the Deceased allegedly continued to complain to Office Brock until he collapsed in front of Officer Brock and a number of other inmates. *Id.* at p. 6. Following his collapse, the Deceased was not administered Cardiopulmonary Resuscitation until a period of at least thirty minutes. *Id.* The Deceased died allegedly as a result of this neglect. As such, the Plaintiffs have filed this action against the Louisiana Department of Corrections and a number of other individuals associated with the prison seeking damages for mental pain, anguish, and distress, burial expenses, loss of love and affection, and all other damages. *Id.* at p. 8.

At this time, the Defendants have filed a motion to compel the deposition of Plaintiff Jerry Joseph. R. Doc. 47. On May 9, 2017, the Defendants state that Jerry Joseph's deposition was noticed for May 30, 2017. R. Doc. 47-1, p. 1. On May 25, 2017, the Plaintiffs notified the Defendants that Jerry Joseph would not appear for his deposition on that date. *Id.* at p. 2. On May 30, he did not attend the deposition. *Id.* While the Defendants attempted to reschedule and offered to travel to Mobile, Alabama to conduct the deposition, the Plaintiffs never provided alternative dates for the deposition. As such, the Defendants filed the instant motion seeking to have the Jerry Joseph ordered to appear for his deposition at the office of McCraine Sistrunk Anzelmo Hardy McDaniel & Wlech, LLC located at 900 Poydras Street Suite 100, New Orleans, Louisiana 70112.

Additionally, the Defendants also seek sanctions and an order compelling the Plaintiffs to provide their initial disclosures. *Id.* at p. 3. The Court has previously order the Plaintiffs to provide their initial disclosures. R. Doc. 46. At this time, the Plaintiffs have not complied with that order.

Prior to oral argument, the Court noticed that no counsel for the Plaintiffs was present to oppose the motion. As a courtesy, the undersigned's chamber staff reached out to the Plaintiffs' lead attorney to determine if he would be attending. The Court was informed that Plaintiffs' counsel would not be attending, that an unenrolled counsel was handling the matter at issue, and

2

that the motion was now moot. As such, the Court informed Plaintiffs' counsel that it would be moving forward and proceeded to have oral argument after delaying the start of oral arguments for nearly half of an hour ascertaining if Plaintiffs' counsel would be attending.

Subsequent to oral arguments, the Court was contacted and informed that Plaintiffs' counsel thought the matter was moot as a result of the order issued withdrawing the requested relief of dismissal contained in the instant motion. However, as that order makes clear, "[a]ll other arguments contained in Defendants' Motion to Compel the Deposition of Jerry Joseph and Initial Disclosures (Rec. Doc. 47) shall remain before the magistrate judge for decision." R. Doc. 49. Moreover, a week after the issuance of that order, the Court issued an order setting the instant motion for oral argument. R. Doc. 50. Any confusion on the "mootness" of the motion currently before the Court is inexcusable.

## II. Standard of Review

"Federal Rule of Civil Procedure 37(b)(2) empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). While this power is "considerable," it is "not unlimited," and the Court must exercise "discretion in fashioning appropriate penalties for those who disobey" discovery orders. *Id.* (citing *Chilcutt v. United States,* 4 F.3d 1313, 1320 (5th Cir. 1993)).

Under Rule 37(b)(2), the Court "may issue further just orders" including:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Additionally, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Rule 37(d) "provides for sanctions for discovery abuses in cases where no prior discovery order has issued." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1031 (5th Cir. 1990). Rule 37(d)(1)(A)(i) provides:

> A. The court where action is pending may, on motion, order sanctions if:
>
> i. A party…fails, after being served proper notice, to appear for that person's deposition.

*See also Shumock v. Columbia/HCA Healthcare Corp.*, No. Civ.A. 99–1777, 1999 WL 102829, at *1 (E.D. La. Nov. 10, 1999); *see also Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 592 (S.D. Texas 2011). "Awardable sanctions under [Rule 37(d)] are entirely flexible depending on the circumstances of each case." *Shumock v. Columbia/HCA Healthcare Corp.*, 1999 WL 1021829, at *1 n. 4 (E.D. La. Nov. 10, 1999) (citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639(1976)). Moreover, "[i]f a party fails to attend a deposition, the court 'shall' order that party to pay the opposing party's expenses unless the failure to attend was 'substantially justified.'" *Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003) (citing Fed. R. Civ. P. 37(d)). Finally, the actions triggering Rule 37(d) do not need to be willful and may be negligent; however, the level of culpability might inform the appropriate sanction. *Coane*, 898 F.2d at 1032 (quoting Fed. R. Civ. P. 37, Advisory Committee Notes to 1970 Amendment) ("[I]n view of the possibility of light sanctions, even a negligent failure should come within Rule 37(d).").

### III.    Analysis

Here, the Defendants seek an order compelling the deposition of Plaintiff Jerry Joseph as well as an order compelling the Plaintiffs to provide their initial disclosures. R. Doc. 47. First, the Court grants the motion as to Jerry Joseph's deposition. He failed to appear for his properly noticed deposition. R. Doc. 47, p. 2. As such, the Court grants the motion, *see Abram v. Ashland Servs., LLC*, No. 12-323, 2016 WL 7116018 at *2 (E.D. La. Dec. 7, 2016). Plaintiff Jerry Joseph is to appear for his deposition on July 6, 2017 at 10 a.m. in in the undersigned United States Magistrate Judge's Courtroom located at 500 Poydras Street, Room B-431, New Orleans, Louisiana.

Second, the Plaintiffs have not provided their initial disclosures as required by this Court's prior order. On May 18, 2017, the undersigned ordered the Plaintiffs to provide their initial disclosures no later than May 26, 2017. R. Doc. 47. Again, the Plaintiffs have offered no justification for the failure to comply at this point. During oral argument, the Defendants stated that the Plaintiffs had sent an email stating they had no witness to convey. However, the Defendants indicated that the Plaintiffs still had not conveyed a computation of damages. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). Because the Plaintiffs have failed to comply, the Court grants the motion and *again* orders the Plaintiffs to produce the initial disclosures.

Moreover, the Court will issue sanctions against the Plaintiffs' counsel. In addition to or as an alternative to other sanctions, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The Court may also impose just sanctions on a party disobeying the Court's order. Given that the Plaintiffs' counsel failed to file any opposition to the instant motion, failed to appear for oral argument on the motion, incorrectly represented that the

motion was moot, and has not complied with the Court's order, the Court finds that that Plaintiffs' counsel should bear the costs for the instant motion to compel as well as the original motion to compel seeking the initial disclosures.

**IV.   Conclusion**

IT IS ORDERED that Defendants' **Motion to Compel the Deposition of Jerry Joseph and Initial Disclosures (R. Doc. 47)** is **GRANTED**.

IT IS FURTHER ORDERED that Jerry Joseph appear for his deposition **on July 6, 2017 at 10 a.m. in in the undersigned United States Magistrate Judge's Courtroom located at 500 Poydras Street, Room B-431, New Orleans, Louisiana.**

IT IS FURTHER ORDERED that the Defendants are awarded attorneys' fees and costs to be paid by Plaintiffs' counsel.

IT IS FURTHER ORDERED that the Defendants shall file a motion to fix attorney fees into the record by **July 5, 2017,** along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **June 12, 2017**. The motion shall be set for hearing on **July 19, 2017**, to be heard without oral argument.

New Orleans, Louisiana, this 21st day of June 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**