UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY JOSEPH, ET AL** | CIVIL ACTION |
| **VERSUS** | NO: 15-759 |
| **LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL** | SECTION: "S" (4) |

LAW CLERK:  Christian Chaney

Appearances:  **Rachel S Guttmann  for** Defendants.
**Heather A. McArthur for** Defendants.
**Jerry Joseph**, Plaintiff
**Willie Johnson, Jr.** for Plaintiffs
**Derrick Elzy** for Plaintiffs.

## MINUTE ENTRY; ORDER AND REASONS

Before the Court is a **Motion to Vacate and Reset Hearing on Motion to Compel (R. Doc. 60)** filed by Plaintiffs Jerry Joseph and Merline Joseph ("Plaintiffs") request the Court to vacate, quash, or estop its prior order (R. Doc. 58) compelling the Plaintiffs to provide their initial disclosures, compelling Plaintiff Jerry Joseph to appear for a deposition on July 6, 2016, and ordering the Plaintiffs' counsel to pay the attorneys' fees and costs incurred by the Defendants in bringing the prior motion to compel. The Plaintiffs argue that the Court's prior order was contrary to the facts underlying this matter and that the Plaintiffs' counsel only rose to the level of excusable neglect. R. Doc. 60-1, p. 1-4.

Also before the Court is a **"Response to Order to Show Cause" (R. Doc. 63)** filed by the Plaintiffs further requesting that the Court to reschedule the Court-ordered deposition of Plaintiff Jerry Joseph because he does not have the financial means to travel to New Orleans, Louisiana. The Court understands this letter filed into the record to be an attempt by Plaintiffs' counsel to file

MJSTAR: 00:11

another motion seeking relief from the Court's prior order. Given this, the Court will expedite its consideration of the **Motion to Vacate and Reset Hearing on Motion to Compel (R. Doc. 60).**

However, before turning the merits of the Plaintiffs' requests, the Court must take this time to caution Plaintiffs' counsel to cease its letter writing campaign to the Court's record. Should the Plaintiffs seek relief from the Court, the Plaintiffs must follow this Court's local rules for the filing of motions. L.R. 7. Failure to comply with the Local Rules in future filings may constitute sanctionable conduct that the Court will not tolerate.

**I.    Background**

This action was filed in the District Court on March 9, 2015. R. Doc. 1. The Plaintiffs allege that the Plaintiff's son Keith Joseph ("Deceased") was booked as an inmate at the Tangipahoa Parish Prison in Tangipahoa, Louisiana on or about February 19, 2014. *Id.* at p. 4. The Plaintiffs further state that the Deceased suffered from various health conditions, including blood clots surrounding his lungs and a severe heart condition which left untreated caused him to suffer intolerable chest pain. *Id.* at p. 5. The Plaintiffs allege that throughout the Deceased's time at the Tangipahoa Parish Prison the Defendants in this action were informed of his medical condition and that the Tangipahoa Parish Prison was in control of the Deceased's medication. On March 3, 2014, the Deceased's physical condition deteriorated to the point that he was having intolerable chest pain and began requesting his medication from Defendant Officer Brock. *Id.* On March 11, 2014, the Deceased was brought to the on-duty Nurse for evaluation, but was returned to his cell despite his complaints. After returning to his cell, the Deceased allegedly continued to complaint to Office Brock until he collapsed in front of Officer Brock and a number of other inmates. *Id.* at p. 6. Following his collapse, the Deceased was not administered Cardiopulmonary Resuscitation until a period of at least thirty minutes. *Id.* The Deceased died allegedly as a result of this neglect.

As such, the Plaintiffs have filed this action against the Louisiana Department of Corrections and a number of other individuals associated with the prison seeking damages for mental pain, anguish, and distress, burial expenses, loss of love and affection, and all other damages. *Id.* at p. 8.

At this time, the Plaintiffs have filed a motion to vacate this Court's prior order (R. Doc. 58) as well as reset the hearing on the motion to compel. R. Doc. 60. The Plaintiffs argue that the Court's prior order should be vacated, quashed, and/or estopped essentially because the Plaintiffs' failure to oppose/respond to the motion to compel was the excusable neglect of the Plaintiffs' attorney. R. Doc. 60-1, p. 3-4. The Plaintiffs' have further filed a letter with the Court stating that Plaintiff Jerry Joseph cannot attend the Court-ordered deposition because he is unable to afford the travel expenses. R. Doc. 63. And, on July 6, 2017, the Plaintiff did not attend the deposition, and the Court held a discovery conference with the Parties.

## II.     Standard of Review

The Plaintiffs have filed a motion for reconsideration of this Court's prior order citing Federal Rule of Civil Procedure 60. However, that rule is inapposite here. "Rule 60(b) does not apply to the underlying discovery order which [the Plaintiffs seek] to vacate. Indeed, Rule 60(b) 'by its terms [is] limited to 'final' judgments or orders [and] is inapplicable to interlocutory orders.'" *Sec. & Exch. Comm'n v. Creative Capital Consortium, LLC*, No. 08-81565, 2010 WL 11483358, at *2 (S.D. Fla. June 2, 2010) (quoting *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006)).

Instead, the Plaintiff's request for reconsideration of this Court's interlocutory discovery order is governed by Federal Rule of Civil Procedure 54(b). *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision ... [that] does not

3

end the action.'" *Austin v. Kroger Texas, L.P.*, —F .3d—, 2017 WL 1379453, at *8 (5th Cir. Apr. 14, 2017) (quoting Fed. R. Civ. P. 54(b)).

When evaluating a motion to reconsider under 54(b), the Court is "'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* at *9 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing Fed. R. Civ. P. 54(b)), *abrogated on other grounds*, *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc)); *see also McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011) (quoting *Brown v. Wichita County, Tex.,* No. 05–108, 2011 WL 1562567, *2 (N.D. Tex. April 26, 2011)) ("A Rule 54(b) motion to reconsider 'requires the court to determine whether reconsideration is necessary under the relevant circumstances.'").

### III.  Analysis

Here, the Plaintiffs have filed a motion to vacate this Court's prior order arguing that it should be vacated, quashed, and/or estopped because the Plaintiffs' failure to oppose/respond to the motion to compel was the excusable neglect of the Plaintiffs' attorney. R. Doc. 60-1, p. 3-4. The Plaintiffs argue that their counsel inadvertently relied on conversations with opposing counsel and the District Judge's order of June 9, 2017. *Id.* at p. 3. The Plaintiffs argue that these conversations and that order led the Defendants to believe that the Motion to Compel had been withdrawn. *Id.* Moreover, the Plaintiffs argue that had they known the motion was not withdrawn their counsel would have filed an opposition and been present for oral argument. *Id.*

The Plaintiffs have also filed a letter into the record on July 5, 2017 stating that Plaintiff Jerry Joseph will not be able to attend his Court-ordered deposition on July 6, 2017 because he is unable to afford transportation. R. Doc. 63.

First, as the undersigned explained in her prior order, the Plaintiffs' counsel's failure to oppose the prior motion to compel or appear for oral argument is inexcusable. As this Court stated:

> [T]he Court was contacted and informed that Plaintiffs' counsel thought the matter was moot as a result of the order issued withdrawing the requested relief of dismissal contained in the instant motion. However, as that order makes clear, "[a]ll other arguments contained in Defendants' Motion to Compel the Deposition of Jerry Joseph and Initial Disclosures (Rec. Doc. 47) shall remain before the magistrate judge for decision." R. Doc. 49. Moreover, a week after the issuance of that order, the Court issued an order setting the instant motion for oral argument. R. Doc. 50. Any confusion on the "mootness" of the motion currently before the Court is inexcusable.

R. Doc. 58, p. 3. Despite Plaintiffs' counsel's proper presentation of this argument in a motion before the Court, the merits of this argument have not changed. Both the District Judge's order as well as the undersigned's order setting the motion for oral argument make clear that the motion was *not* moot. The failure to take appropriate action exceeds mere negligence and is entirely unacceptable. Furthermore, to whatever extent the Plaintiffs' counsel argues that the Defendants' counsel informed them that the motion was moot, the Defendants made clear during oral argument that they had no illusions that the motion was moot. The Court therefore denies the motion to vacate its prior order.

Second, in regards to Plaintiff Jerry Joseph's failure to appear for the Court-ordered deposition on July 6, 2017, the Court is less than satisfied. The undersigned ordered Plaintiff Jerry Joseph to appear for said deposition on June 21, 2017. R. Doc. 58. Now, on July 5, 2017, the Plaintiffs have filed an eleventh-hour—not to mention procedurally improper—letter stating the Plaintiff Jerry Joseph will not attend the deposition because of financial inability. R. Doc. 63.

Foremost, if indeed the Plaintiff cannot financially make the trip to the deposition, then the Plaintiff would have known this immediately at the time the Court entered its order and should

have acted more expeditiously to provide better notice. This delay in action until less than twenty-four hours before the scheduled deposition is inexcusable.

Even if the Court had received earlier notice of that the Plaintiff felt he could not attend the deposition, the Court is not certain that it would have been moved to amend its order. "As a general rule, a plaintiff will be required to make himself available for examination in the forum in which suit was brought." *Birkland v. Courtyards Guest House*, No. 11-0349, 2011 WL 4738649, at *2 (E.D. La. Oct. 7, 2011) (collecting cases). While the Court may make an exception for exceptional circumstances of extreme hardship, *id.*, Plaintiffs' counsel provided no evidence of hardship other than a blanket assertion that he is "disabled and only receives a fixed income each month." R. Doc. 63. However, during a discovery conference with Plaintiff Jerry Joseph after he did not arrive at his deposition, the Court learned—from the Plaintiff himself rather than counsel— that the Plaintiff is on disability due to two serious heart attacks, which have left him unable to walk more than a few feet without difficulty. Plaintiff Jerry Joseph also stated that his wife is also on disability because she suffers from fibromyalgia. He further informed the Court that he receives his disability check on the second Wednesday of every month, and for that reason was unable to arrange travel for the deposition.

After speaking with the Plaintiff, the Court ordered the Plaintiff to appear for his deposition in the undersigned's courtroom on **Thursday, July 13, 2017 at 10:00 a.m.** after the Plaintiff stated that he would be able to appear at that time. The Plaintiff stated that he would purchase a ticket to travel to New Orleans by bus on Wednesday, July 12, 2017. Plaintiff's counsel acknowledged that they would cover the expense of the Plaintiff staying in a hotel that night so that he will be available for the deposition on Thursday. During that conversation, the Court stressed the seriousness of respecting this Court's orders and the Plaintiff's duty to actively and diligently prosecute his case.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion to Vacate and Reset Hearing on Motion to Compel (R. Doc. 60)** is **DENIED.**

**IT IS FURTHER ORDERED** that Jerry Joseph appear for his deposition on **Thursday, July 13, 2017 in in the undersigned United States Magistrate Judge's Courtroom located at 500 Poydras Street, Room B-431, New Orleans, Louisiana**.

New Orleans, Louisiana, this <u>6th</u> day of July 2017.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**