# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY JOSEPH, ET AL | CIVIL ACTION |
| VERSUS | NO: 15-759 |
| LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL | SECTION: "S" (4) |

## ORDER

Before the Court is a **Motion for Leave to File Third Supplemental and Amending Complaint (R. Doc. 73)** filed by Plaintiffs, Jerry Joseph and Merline Joseph seeking to add Murinda Perez on behalf of her minor child as a Plaintiff in this action. The motion is opposed. R. Doc. 74. The motion was submitted on August 9, 2017 and heard with argument that same day. For the following reasons, the motion is **DENIED.**

## I. Background

This action was filed in the District Court on March 9, 2015. R. Doc. 1. The Plaintiffs allege that the Plaintiff's son Keith Joseph ("Deceased") was booked as an inmate at the Tangipahoa Parish Prison in Tangipahoa, Louisiana on or about February 19, 2014. *Id.* at p. 4. The Plaintiffs further state that the Deceased suffered from various health conditions, including blood clots surrounding his lungs and a severe heart condition which left untreated caused him to suffer intolerable chest pain. *Id.* at p. 5. The Plaintiffs allege that throughout the Deceased's time at the Tangipahoa Parish Prison the Defendants in this action were informed of his medical condition and that the Tangipahoa Parish Prison was in control of the Deceased's medication. On March 3, 2014, the Deceased's physical condition deteriorated to the point that he was having intolerable chest pain and began requesting his medication from Defendant Officer Brock. *Id.* On March 11, 2014, the Deceased was brought to the on-duty Nurse for evaluation, but was returned to his cell despite his complaints. After returning to his cell, the Deceased allegedly continued to complain

to Office Brock until he collapsed in front of Officer Brock and a number of other inmates. *Id.* at p. 6. Following his collapse, the Deceased was not administered Cardiopulmonary Resuscitation until a period of at least thirty minutes. *Id.* The Deceased died allegedly as a result of this neglect. As such, the Plaintiffs have filed this action against the Louisiana Department of Corrections and a number of other individuals associated with the prison seeking damages for mental pain, anguish, and distress, burial expenses, loss of love and affection, and all other damages. *Id.* at p. 8.

At this time, the Plaintiffs have filed a motion seeking to add Murinda Perez as the natural tutrix and surviving parent of Keith Joseph's only child, "DJJ." R. Doc. 73-1. The Plaintiffs argue that they are seeking to supplement their complaint under Federal Rule of Civil Procedure 15(d) to add Perez as a Plaintiff. R. doc. 73-2, p. 1. They argue that Perez only learned of Joseph's death in the calendar year of 2017. *Id.* at p. 2.

The Defendants have opposed the instant motion. R. Doc. 74. The Defendants essentially argue that the motion should be denied as futile because the child's claim has prescribed and the claim should not relate back.

During oral argument, the Court was troubled by a number of the statements put forth by the Plaintiffs' counsel in support of the instant motion. Two of those arguments bear noting here. First, the Court questioned the propriety and potential conflicts of interest at play in the Plaintiffs' motion seeking to add Perez as a party given that counsel indicated that he represented both parties. However, while the Court remains skeptical, counsel indicated that he had informed all parties of the potential conflict. Second, counsel's arguments also made the Court question when the Plaintiffs were actually aware of DJJ's existence. In particular, while counsel stated that he had questioned the Plaintiffs who stated that the deceased had no children, counsel also appeared to indicate that he was in possession of the Funeral Program, which indicates that DJJ was the

deceased son, R. Doc. 74-6, p. 5, prior to its being filed into the record by the Defendant's counsel and before the lawsuit was filed.

## II. Standard of Review

Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

## III. Analysis

At this time, the Plaintiffs have filed a motion seeking to add Murinda Perez as the natural tutrix and surviving parent of Keith Joseph's only child. R. Doc. 73-1. The Plaintiffs argue that they are seeking to supplement their complaint under Federal Rule of Civil Procedure 15(d) to add

Perez as a Plaintiff. R. doc. 73-2, p. 1. They argue that Perez only learned of Joseph's death in the calendar year of 2017. *Id.* at p. 2. However, the Defendants have countered that the claim is prescribed and the motion to amend should be denied.

"[F]ederal courts apply the state statutes of limitation and tolling provisions to § 1983 claims." *Sanchez v. Tangipahoa Parish Sheriff's Office*, No. 08-1227, 2010 WL 1729381, at *2 (E.D. La. Apr. 22, 2010) (Lemmon, J.). Here, the claims for wrongful death and any survival actions are subject to a one year prescriptive period under Louisiana law. La. Civ. Code art. 2315.2; La. Civ. Code art. 3492. *See, id.*; s*ee also*, *Williams v. United States*, 353 F. Supp. 1226, 1230 (E.D. La. 1973) ("It is undisputed that the Louisiana one-year prescriptive period for tort actions is applicable to this § 1983 action.").

While Louisiana law "provides the applicable [prescriptive period], 'the standard governing the accrual of a cause of action under section 1983 is determined by federal law.'" *Pena v. Texas Med. Bd.*, 675 F. App'x 465, 467 (5th Cir. 2017) (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). As such, for purpose of calculating the limitations period, a § 1983 cause of action, similar to a Louisiana tort claim, accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)) ("[T]he statute of limitations 'begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'"); *see also Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

As such, DJJ's claim would prescribe one year from Joseph's death on March 11, 2014, the point at which DJJ—or his mother and alleged grandparents—had sufficient information to know that he had a claim. R. Doc. 74, p. 5. Here, Perez has filed the instant amendment on behalf

4

of her minor child on July 24, 2017. R. Doc. 70. As such, the claim sought to be added in the amendment would be futile because the claim is prescribed unless some tolling provision applies.

"In *Walker v. Armco Steel Corp.,* 446 U.S. 740, (1980), the Supreme Court held that a states' tolling rules are an integral part of the policies served by the state statute of limitation and they generally govern in the absence of overriding federal rule or affirmative countervailing federal considerations." *Bergeron v. Celotex Corp.*, 766 F. Supp. 518, 521 (E.D. La. 1991). In *Ducre v. Mine Safety Appliance Co.*, 634 F. Supp. 696 (E.D. La. 1986), the Court noted that in *Giroir v. South Louisiana Medical Center, Division of Hospitals,* 475 So. 2d 1040 (La. 1985) the Louisiana Supreme Court "allowed the late filing of the children's claim for wrongful death of their mother to relate back to the date when their father, in his own name, had timely filed a wrongful death action." *Ducre*, 634 F. Supp. at 699. In doing, the *Giroir* Court established a four-part analysis to determine if the claim should relate back, which included:

> 1) The amended claim arises out of the same conduct, transaction or occurrence set forth in the original pleading; (2) The defendant either knew or should have known of the existence and involvement on the new plaintiff; (3) The new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) The defendant will not be prejudiced in preparing and conducting his defense.

*Bergeron*, 766 F. Supp. at 522 (citing *Grioir*, 475 So. 2d at 1044).

Based on the foregoing analysis, DJJ's claim would not relate back because there is no showing that the defendant knew or should have known of the existence and involvement of the new plaintiff. First, there is no duty on the Defendants to track down Joseph's minor child. *See id.* at 523. Moreover, there is nothing in the record demonstrating that the Defendants knew or should have known about DJJ's existence. If not for a careful and through investigation and review of the decedents medical records, the Defendants would have never learned of DJJ. R. Doc. R. Doc. 74,

5

p. 8-9. Moreover, if the Plaintiffs are to be believed,[1] the existence of DJJ as a potential plaintiff was even unknown to the Plaintiffs at the time of the filing of the action. *Id.* at p. 6-9.

Moreover, neither Perez nor the Plaintiffs have put forth any evidence other than the unsupported allegations by the Plaintiffs' lawyer that demonstrate to the Court that the doctrine of *contra non vlaentem* should be applied to this case as an exception to the prescriptive period. *See Terrebonne Parish Sch. Bd. v. Mobile Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002) ("[O]nce it is shown that more than a year has elapsed between the time of the tortious conduct and the filing of a tort suit, the burden shifts to the plaintiff to prove either suspension, interruption, or some exception to prescription, utilizing one of any number of legal constructs including but not limited to the doctrine of *contra non valentem* and the theory of continuing tort."). Therefore, the Court finds that the claim should not relate back to the time of the filing of the Plaintiff's complaint and the claim is prescribed, making the instant motion to amend futile. The Court therefore denies the motion.

## IV. <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that **Motion for Leave to File Third Supplemental and Amending Complaint (R. Doc. 73)** is **DENIED.**

New Orleans, Louisiana, this 10th day of August 2017.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] And, the Court notes that there remains some serious questions as to the veracity of those claims. Notably, Perez has indicated that she lived during her pregnancy with the deceased and Merline Joseph. R. Doc. 68-5. Moreover, Perez appears to have indicated in an email to the Defendant's counsel prior to the instant attempt to join the litigation that "[i]f [the Plaintiffs] knew nothing about my son it's funny how they put him in the funeral booklet, they are just crazy." R. Doc. 74-6.