UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY JOSEPH AND MERLINE JOSEPH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-759** |
| **LOUISIANA DEPARTMENT OF CORRECTIONS SHERIFF DANIEL EDWARDS, OFFICER BROCK, COLUMBIA CASUALTY COMPANY, AND ALLISON L. THORNHILL, N.P.** | **SECTION: "S" (4)** |

# ORDER

Before the Court is a **Motion for Rehearing/New Trial (R. Doc. 83)** filed by Plaintiffs, Jerry Joseph and Merline Joseph, requesting that this Court reconsider its Order on Plaintiffs' Motion for Leave to File Third Supplemental and Amending Complaint (R. Doc. 80). The motion is opposed. R. Doc. 86. The motion was submitted on September 13, 2017, and was heard on the briefs. For the following reasons, the motion is **DENIED**.

## I.  Background

This action was filed in the District Court on March 9, 2015. R. Doc. 1. The Plaintiffs allege that their son Keith Joseph ("Deceased") was booked as an inmate at the Tangipahoa Parish Prison in Tangipahoa, Louisiana, on or about February 19, 2014. *Id.* at p. 4. They assert that the Deceased suffered from various health conditions, including blood clots surrounding his lungs and a severe heart condition, which, left untreated, caused him to suffer intolerable chest pain. *Id.* at p. 5. According to the Plaintiffs, prison officials failed to provide adequate medical care, which subsequently resulted in the death of the Deceased on March 11, 2014. *Id.* at pp. 6-7. As such, the Plaintiffs have filed this action against the Louisiana Department of Corrections and a number of other individuals associated with the prison, seeking damages for mental pain, anguish, distress, burial expenses, loss of love and affection, and all other damages. *Id.* at p. 8.

On July 28, 2017, Plaintiffs filed a Motion for Leave to File Third Supplemental and Amending Complaint (R. Doc. 73), seeking to add Murinda Perez ("Perez"), the mother of Keith Joseph's minor child, as Plaintiff in this action. The Court denied the motion, finding that Perez's claim was prescribed and would not relate back because there was no showing that the Defendants knew or should have known of the existence and involvement of the new plaintiff. Furthermore, there was no evidence that the doctrine of *contra non valentem* should have been applied. R. Doc. 80.

At this time, the Plaintiffs have filed a motion for rehearing/new trial. R. Doc. 83. The Plaintiffs argue that they have obtained the Affidavit of Murinda Perez, which asserts that Perez did not learn of the Deceased's death until late 2016, and thus, *contra non valentem* should apply and the Court's August 10, 2017, Order should be overturned. R. Doc. 83.

The Defendants oppose the motion, arguing that (1) the Plaintiffs could have presented Perez's Affidavit at the time of the original hearing, and thus, are not entitled to a new trial/new hearing and (2) the "new evidence" is insufficient to support the application of *contra non valentem*. R. Doc. 86.

## II. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 54(b) provides that an order adjudicating fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment adjudicating all the claims and all the parties' rights and liabilities. Under Rule 54, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A 1981). Although the district court's discretion, in this regard, is broad, it is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. *Castrillo v. Am. Home Mortg. Servicing, Inc.*, Civil Action No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010).

It has been the general practice of this Court to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a judgment. *See S. Snow Mfg. Co. v. SnowWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (citing *Castrillo*, 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009); *In re* Katrina Canal Breaches, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009)). The proper inquiry is whether the moving party has "clearly established either a manifest error of law or fact or . . . present[ed] newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). A motion to reconsider is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2010). The Court must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

In deciding motions under Rule 59(e), this Court has considered the following factors: (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) whether the movant presents new evidence; (3) whether the motion is necessary in order to prevent manifest injustice; and (4) whether the motion is justified by an intervening change in the controlling law. *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4. Where there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should be denied. *See FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing consideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

### III. Analysis

The Court earlier denied Plaintiffs' Motion for Leave to File Third Amending and Supplemental Petition for Damages (R. Doc. 73) because the addition of Perez was prescribed and

3

Plaintiffs failed to demonstrate that the addition of Perez related back, nor did they demonstrate that *contra non valentem* applied. R. Doc. 80. Plaintiffs now submit Perez's affidavit, which asserts that she did not learn of her child's father's death until late 2016, and therefore, prescription was tolled and *contra non valentem* applies.

In response, the Defendants argue that Plaintiffs could have presented Perez's affidavit at the original hearing. They further contend that, even if the Court were to accept the new affidavit as new evidence, it is not sufficient to support the application of *contra non valentem*. R. Doc. 86.

At this time, the issue before the Court is whether Perez's declaration that she did not learn of her child's father's death until late 2016 is sufficient for the application of *contra non valentem*. For the following reasons, the Court finds that the doctrine of *contra non valentem* is not triggered by the purported new evidence.

Louisiana jurisprudence has long recognized the doctrine of *contra non valentem* as a means of suspending the running of prescription when the circumstances of a case fall within one of four categories: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant. *Wells v. Zadeck*, 89 So. 3d 1145, 1150 (La. 2012) (citing *Plaquemines Par. Comm'n Council v. Delta Developmental Co.*, 502 So. 2d 1034, 1056 (La. 1987)). These categories allow "the courts to weigh the 'equitable nature of the circumstances in each individual case' to determine whether prescription will be tolled." *Id.* In the instant case, the fourth category, commonly referred to as the "discovery rule," is at issue. *See id.*, 89 So. 3d at 1150.

4

In interpreting the fourth category, the Louisiana Supreme Court has stated that "the doctrine of *contra non valentem* only applies in 'exceptional circumstances.'" *Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 245 (La. 2010). The knowledge sufficient to start the running of prescription under the fourth category is constructive knowledge. *Ayo v. Johns-Manville Sales Corp.*, 771 F.2d 902, 908 (5th Cir. 1985) (citing *Cartwright v. Chrysler Corp.*, 232 So. 2d 285, 287 (La. 1970) ("Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of every thing [sic] to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription.")).

Perez's affidavit is not "new evidence." It is merely a regurgitation of what Counsel argued during oral argument, which is that Perez did not attend the funeral and was not aware of the Deceased's death until late 2016. The Court notes the direct contradiction to the Plaintiffs' initial representation in their Motion for Leave to File Third Supplemental and Amending Complaint that Perez did not learn of the Deceased's death until 2017, June 2017 at the latest. *See* R. Doc. 73, p. 1; R. Doc. 81-1 (Perez initially declared that she did not learn of the Deceased's death until 2017, but later changed it to late 2016.).

However, the affidavit lacks credibility because Perez had a copy of the funeral program from 2014 in her file, which she provided to the Defense Counsel as proof that the Plaintiffs were aware that their son had a child. *See* R. Doc. 74-6; *see also Marin*, 48 So. 3d at 246 ("The Louisiana Supreme Court has specifically clarified that *contra non valentem* will not exempt the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned."). In an email, Perez wrote to the Defense Counsel, noting that the child's middle name was incorrect in the funeral program. *See* R. Doc. 74-6.

Even if the Court were to accept Perez's affidavit as new evidence, the Fifth Circuit has held that a court should never grant a Rule 59(e) motion to reconsider where the new evidence (1) would not change the outcome of the case; (2) could have been discovered earlier by proper diligence; and (3) is merely cumulative or impeaching. *Infusion Res. Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). First, the addition of Perez's affidavit does not change the outcome of the Court's decision because the affidavit fails to mention *when* in 2016 Perez learned of the Deceased's death. Thus, the Court is still not capable of determining whether or not one year passed from the date of discovery, bringing it to the same conclusion that Perez's claim is prescribed.

Second, the Plaintiffs could have obtained such evidence from Perez prior to the hearing. The Court is not convinced that Plaintiffs did not anticipate that prescription would be substantively addressed during oral argument, considering Defendants timely addressed the issue of prescription in their opposition to Plaintiffs motion for leave. *See* R. Doc. 74.

Third, the affidavit is not cumulative, but directly contradicts evidence and arguments previously made or produced.

Therefore, the Court's August 10, 2017, Order is not manifestly unjust, and as such, the Plaintiffs' Motion for Rehearing/New Trial is denied.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion for Rehearing/New Trial (R. Doc. 83)** is **DENIED.**

New Orleans, Louisiana, this 11th day of October 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**