UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY JOSEPH AND MERLINE JOSEPH | CIVIL ACTION |
| VERSUS | NO: 15-759 |
| LOUISIANA DEPARTMENT OF CORRECTIONS, TANGIPAHOA PARISH SHERIFF'S OFFICE, SHERIFF DANIEL EDWARDS, OFFICER BROCK, LT. BRANDON PINON, LT. SHIRRA FINN, PRISON MEDICAL SERVICES, COLUMBIA CASUALTY COMPANY, AND ALISON L. THORNHILL, N.P. | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. #69) is **GRANTED**, and plaintiffs' claims against them are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Motion for Leave to Substitute Proper Party Plaintiff filed by non-party, Murinda Luella Perez (Doc. #81), is **DENIED**.

## BACKGROUND

This matter is before the court on a motion for summary judgment filed by defendants, Sheriff Daniel Edwards; Officer Brock; Alison Thornhill, N.P.; and, Columbia Casualty Company. The defendants argue that the plaintiffs, the decedent's parents, do not have a cause of action against them under Louisiana law because the decedent has a surviving child. It is also before the court on a motion for leave to substitute the proper party plaintiff filed by non-party Murinda Luella Perez. Perez seeks to be added as the plaintiff in this matter as the mother and natural tutrix of the decedent's surviving minor child.

On March 9, 2015, plaintiffs, Jerry and Merline Joseph, filed this action alleging claims arising under 42 U.S.C. § 1983 against various defendants related to the death of their son, Keith Joseph, on March 11, 2014, while he was in the custody of the Tangipahoa Parish Sheriff's Office. In their discovery responses, plaintiffs denied that the decedent had any surviving children. Merline Joseph and her daughter, Tameka Joseph, both testified at their depositions that they were not aware of the decedent having any children.

On May 31, 2017, defendants received the decedent's medical records from North Oaks Health Systems. Upon examination of those records, defendants learned that the decedent may have had a fiancée when they noticed an individual named "Anne Soles" listed as the decedent's relative with the relationship of "other." Defendants attempted to contact Soles through her employer, Berryland Campers. Because Berryland Campers would not provide any information about Soles, defendants subpoenaed her employment records to determine her relationship with the decedent. Soles contacted defense counsel when she learned of the subpoena, and told defense counsel that the decedent is the father of her grandson, DJJ. Soles put defense counsel in contact with the child's mother, her daughter, Perez.

On June 24, 2017, Perez provided defense counsel with a copy of DJJ's birth certificate and the decedent's funeral program. On July 10, 2017, Perez executed a sworn affidavit in which she stated that DJJ is her son, and that the decedent is DJJ's father. Perez also stated that she lived with the decedent and Merline Joseph while she was pregnant with DJJ, and that Merline Joseph and Tameka Joseph both knew that DJJ was the decedent's child. Attached to the affidavit are DJJ's birth

2

certificate, which lists the decedent as DJJ's father, and the decedent's funeral program, which lists DJJ as his son.

On July 18, 2017, defendants filed the instant motion for summary judgment arguing that plaintiffs, the decedent's parents, do not have a cause of action against them because the decedent has a surviving child. Plaintiffs argue that the birth certificate is not sufficient evidence of DJJ's paternity because it is not signed. Plaintiffs also argue that the motion should be deemed moot because they filed a motion to amend the complaint to add Perez as a plaintiff because she is DJJ's mother and natural tutrix. In this argument, plaintiffs admit that DJJ is the decedent's surviving son.

On July 24, 2017, plaintiffs filed a motion to amend their complaint to add Perez as a plaintiff as the mother and natural tutrix of DJJ. On August 10, 2017, the United States Magistrate Judge denied that motion finding that DJJ's claim was prescribed and would not relate back to the filing of the complaint because there was no showing that the defendants knew or should have known of DJJ's existence considering that plaintiffs denied he existed and defendants discovered DJJ's existence through careful examination of the decedent's medical records and follow up investigation. The United States Magistrate Judge also found that neither Perez nor plaintiffs put forth any evidence demonstrating that the doctrine of *contra non valentem* applied. Thus, the United States Magistrate Judge found that the motion to amend the complaint was futile because DJJ's claim was prescribed.

On August 11, 2017, Perez filed the instant motion to substitute the proper party plaintiff. She argues that she should be substituted as the proper plaintiff as DJJ's mother and natural turtix. Perez states that the motion is made pursuant to Rule 25 of the Federal Rules of Civil Procedure. She argues that DJJ's claim is not prescribed because she was not aware of the decedent's death until

late in the calendar year of 2016. Perez also states that the doctrine of *contra non valentem* applies, without providing analysis to support this statement. Defendants argue that Perez does not have standing to file a motion in this case because she is not a party. They also argue that Rule 25 is inapplicable, and Perez is re-hashing arguments that plaintiffs made in their motion to amend their complaint, which was denied by the United States Magistrate Judge.

On August 20, 2017, plaintiffs filed a motion before the United States Magistrate Judge to reconsider her August 10, 2017, Order denying their motion to amend the complaint. Plaintiffs argued that they did not expect prescription to be an issue at the oral argument on the motion to amend and attached an affidavit executed by Perez in which she swears she did not know about the decedent's death until 2016.

On October 12, 2017, the United States Magistrate Judge denied the motion to reconsider finding that Perez's affidavit was not new evidence, but rather "a regurgitation of what Counsel argued during oral argument, which is that Perez did not attend the funeral and was not aware of the Deceased's death until late 2016." The United States Magistrate Judge noted that Perez's affidavit directly contradicted "Plaintiffs' initial representation in their Motion for Leave to File Third Supplemental and Amending Complaint that Perez did not learn of the Deceased's death until 2017, June 2017 at the latest[,]" and that "the affidavit lacks credibility because Perez had a copy of the funeral program from 2014 in her file, which she provided to Defense Counsel as proof that the Plaintiffs were aware that their son had a child." The United States Magistrate Judge also found that plaintiffs could have obtained Perez's affidavit prior to the first hearing and that she "is not convinced that Plaintiffs did not anticipate that prescription would be substantively addressed during oral argument, considering Defendants timely addressed the issue of prescription in their opposition

4

to Plaintiffs motion for leave."  Finally, the United States Magistrate Judge found that Perez's affidavit did not change the prescription analysis because it does not say specifically when in 2016 she learned for the decedent's death.  Plaintiffs did not appeal the United States Magistrate Judge's August 10, 2017, Order or her October 12, 2017, Order to the United States District Judge.[1]

## ANALYSIS

**I.    Defendants' Motion for Summary Judgment (Doc. #69)**

**A.  Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2505, 2509-10 (1986).  The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." <u>Beck v. Somerset Techs., Inc.</u>, 882 F.2d 993, 996 (5th Cir. 1989) (citing <u>Anderson</u>, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for

---

[1] Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure a party may appeal the ruling of the United States Magistrate Judge to the United States District Judge within 14 days of being served with the ruling.

trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

### B. Louisiana Civil Code articles 2315.1 and 2315.2

Defendants argue that plaintiffs, the decedent's parents, do not have a cause of action against them because the decedent had a surviving child.

Capacity to file suit under 42 U.S.C. § 1983 is determined by the law of the State in which the court that has jurisdiction over the case sits. 42 U.S.C. § 1988. Under Louisiana Civil Code articles 2315.1 and 2315.2, the right of a survival or wrongful death action is afforded to four exclusive categories of survivors:

> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
>
> (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
>
> (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or siblings surviving.

6

La. Civ. Code arts. 2315.1 and 2315.2. "It follows from the wording of the article[s] that the existence of any beneficiary in a prior class precludes the right vesting in any beneficiary under a subsequent class." William E. Crawford, 12 Louisiana Civil Law Treatise § 5:10 (2d ed. 2009).

Although plaintiffs argue that DJJ's birth certificate is not proper evidence of DJJ's paternity, they have judicially admitted that the decedent is DJJ's father. In numerous pleadings plaintiffs state that they seek to add Perez as a plaintiff as the mother and natural tutrix of the decedent's only surviving minor child, DJJ. Because plaintiffs have admitted that the decedent had a surviving child, plaintiffs, the decedent's parents, do not have a right of action under La. Civ. Code arts. 2315.1 or 2315.2, and consequently cannot pursue claims under § 1983 related to the decedent's death. Therefore, defendants' motion for summary judgment is GRANTED, and plaintiffs' claims against them are DISMISSED.

II.     **Perez's Motion to Substitute the Proper Party Plaintiff (Doc. #81)**

Perez, a non-party to this action, filed a motion to be substituted as the proper party plaintiff as the mother and natural tutrix of the decedent's only surviving minor child, DJJ. Perez states that her motion is made pursuant to Rule 25 of the Federal Rules of Civil Procedure. Rule 25 provides for the substitution of parties in the event of a party's death or incompetency, if the interest in the suit is transferred, or if a public officer dies or is separated from office. Fed. R. Civ. P. 25. None of the circumstances listed in Rule 25 apply to the scenario at issue where the mother of the surviving child seeks to be substituted as the plaintiff in place of the surviving parents who tried to conceal the existence of the child from the defendants. The proper way to add Perez as a party to this action would be to file an amended complaint adding her as a plaintiff. The United States Magistrate Judge denied plaintiffs' motion to file an amended complaint to add Perez as a plaintiff

7

finding that it would be futile because DJJ's claim has prescribed. The United States Magistrate Judge upheld that denial on a motion to reconsider finding that Perez's affidavit stating that she did not know about the decedent's death until 2016 was not sufficient evidence to prove that DJJ's claim did not prescribe because the affidavit was not credible and did not state exactly when Perez allegedly learned of the death. Plaintiffs did not appeal either of the United States Magistrate Judge's rulings to the United States District Judge. Therefore, Perez's motion is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. #69) is **GRANTED**, and plaintiffs' claims against them are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Motion for Leave to Substitute Proper Party Plaintiff filed by non-party, Murinda Luella Perez (Doc. #81), is **DENIED**.

New Orleans, Louisiana, this __3rd__ day of November, 2017.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**